ACCEPTED
04-12-00739-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
1/26/2015 8:21:25 PM
KEITH HOTTLE
CLERK

# APPEAL NO. 04-12-00739-CR

In The Fourth Court Of Appeals
San Antonio, Texas

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

1/26/2015 8:21:25 PM

KEITH E. HOTTLE
Clerk

JOSE GUADALUPE MARTINEZ,

*Defendant-Appellant*,

vs.

THE STATE OF TEXAS,

*Plaintiff-Appellee.*

## MOTION FOR LEAVE TO FILE
## OVERSIZED PETITION FOR REHEARING

TO THE HONORABLE JUDGES OF THE COURT OF APPEALS FOR THE FOURTH SUPREME JUDICIAL DISTRICT OF TEXAS, SAN ANTONIO, TEXAS:

NOW COME NANCY B. BAROHN and MEGAN V. COOK, and pursuant to TEX. R. APP. P. 9.4, respectfully move this Honorable Court for leave to file an oversized *Petition For Rehearing* on behalf of Mr. Jose Guadalupe Martinez. In support of this request, we show this Honorable Court as follows.

### I.

### Statement Of The Case

Jose Guadalupe Martinez was charged in a Superseding Indictment with two counts of sexual assault of a child, in violation of Texas Penal Code § 22.01. From October 22

through 26, 2012, Mr. Martinez tried his case to a jury in the 38th Judicial District. Mr. Martinez was found guilty of each count. The jury returned a punishment verdict recommending a five-year term of confinement on Count One, and a ten-year term of confinement on Count Two. These sentences were cumulated for a total term of 15 years' confinement.

On October 31, 2012, Mr. Martinez filed a timely Notice of Appeal. On October 29, 2014, this Court affirmed Mr. Martinez's convictions in an unpublished Memorandum Opinion.

## II.

### Request For Leave To File A Oversized Petition
### For Rehearing On Behalf Of Mr. Martinez

Under TEX. R. APP. P. 9.4, a *Petition For Rehearing* should not exceed 4,500, though this Court is authorized under the Rule to permit the filing of a petition outside the word count limit. Mr. Martinez's *Petition For Rehearing* contains 7,472 words. Though the extra length may seem excessive, we seek permission to file Mr. Martinez's petition in the present format for the reasons which follow.

## III.

### Reasons For The Oversized Petition For Rehearing

In affirming Mr. Martinez's convictions, this Court declined to reach the merits of his constitutional claims based on briefing deficiencies, *viz.*, that Mr. Martinez failed to explain how "each ruling made by the trial court was 'clearly erroneous.'" *Slip op.* at 10-1, citing

*Wiley v. State*, 74 S.W.3d 399, 406 (Tex.Crim.App. 2002) (emphasis added), and *Allen v State*, No. 14-12-01086-CR, 2014 WL 358372 at *8 (Tex.App. - Houston [14th Dist.], July 22, 2014) (mem. op. not designated for publication). As a consequence of these defects, this Court explained, Mr. Martinez failed to present his arguments in a way that would allow it to consider his constitutional claims. *Slip op*. at 11 (emphasis added). We seek to remedy these defects of form and substance in the *Petition For Rehearing.*

To this end, we ask this Court to consider that Mr. Martinez's constitutional challenges on appeal were based on a lengthy and complicated trial record, in which the proffer hearings were lengthy, and the objections to the court's numerous rulings excluding evidence were numerous and based on multiple grounds. The trial court's rulings, too, were numerous, and often included more than one basis for the exclusion of evidence. Counsel found it difficult to structure Mr. Martinez's brief around the record and–since Mr. Martinez's constitutional claims were based on the trial court's various rulings excluding **all** of the evidence Mr. Martinez sought to offer in aid of his defense–counsel presented the constitutional arguments in a global manner. In so doing, counsel was concerned that the trial court's rulings on the defense's numerous objections were frequently confusing, and often repetitive, and would make the brief unwieldy, repetitive, and unduly long.[1]

---

[1]As it was, Mr. Martinez's brief was in excess of the word limitation and required permission of the court to file.

Counsel has never before had an appellate argument rejected for defects in her briefing. On the other hand, Mr. Martinez's record presented special challenges.

Under TEX. R. APP. P. 38.9, briefs are meant to acquaint the court with the issues, and to present argument that will enable the court to decide the case. Where there are formal defects in the brief, and the court concludes that the rule has been flagrantly violated, it may order the brief to be amended, supplemented, or redrawn. TEX. R. APP. P. 38.9(a). If another brief that does not comply with this rule is filed, the court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief. *Id*. If the court determines, either before or after submission, that the case has not been properly presented in the briefs, or that the law and authorities have not been properly cited, the court may postpone submission, require additional briefing, and make any other necessary for a satisfactory submission of the case. TEX. R. APP. P. 38.9(b). Under either paragraph–whether the defects are of form or substance–Rule 38.9 provides the vehicle whereby an appellate court can afford a party the opportunity to cure deficiencies.

Counsel was unaware that her briefing of Mr. Martinez's constitutional issues was defective in either form or substance–up through the oral argument. Counsel would certainly have availed herself of the opportunity to file a redrafted brief under TEX. R. APP. P. 38.9 had these defects been brought to her attention prior to submission. Counsel seeks to cure the briefing defects in Mr. Martinez's *Petition For Rehearing*, and has addressed the court's individual rulings, with authorities as to why the rulings were clearly erroneous.

4

Mr. Martinez's *Petition For Rehearing* exceeds the word-count limit for this reason. Had counsel been afforded the opportunity to redraft Mr. Martinez's brief, the word count would not be as problematic. Counsel respectfully requests that this Court take these circumstances into account when considering this motion. Counsel respectfully suggests that, when this Court reviews the *Petition For Rehearing*, it will get a sense of the level of difficulty involved.

Beyond this Court's authority to permit the filing of an oversized *Petition For Rehearing* under TEX. R. APP. P. 9.4, this Court has authority under TEX. R. APP. P. 2 to suspend the operation of a rule to expedite a decision or for good cause shown. We suggest that a decision in Mr. Martinez's case will be expedited if he is permitted to file his *Petition For Rehearing* in its present format.

## PRAYER

FOR ALL OF THESE REASONS, COUNSEL respectfully pray that this Honorable Court will grant their request to file a oversized *Petition For Rehearing*.

Respectfully submitted,

NANCY B. BAROHN
1202 South Alamo Street
San Antonio, Texas 78210
(210) 226-4263
(913) 302-6708 (cell phone)
Texas Bar Number: 01796500

MEGAN V. COOK
Cook and Cook Law Firm
115 East Travis, Suite 1620
San Antonio, Texas 78205
(210) 271-2800
Texas Bar Number: 24065072

*Attorneys for Mr. Jose Guadalupe Martinez*

By:   *S:s* NANCY B. BAROHN
        NANCY B. BAROHN


## CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of the foregoing motion by e-mail on:

Mr. Danny Kindred
District Attorney for the
  38th Judicial District
3102 Avenue G
Hondo, Texas 78861

Mr. Edward Shaughnessy, III
Attorney at Law
206 East Locust Street
San Antonio, Texas 78212

     – on this the ___26th___ day of January, 2014.


    *S:s* NANCY B. BAROHN
    NANCY B. BAROHN